## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201,<br><br>        **Plaintiff,**<br><br>        v.<br><br>**Lindsay Ford LLC,**<br>11250 Veirs Mill Rd.<br>Wheaton, MD 20902<br><br>        **and**<br><br>**Lindsay Cadillac Co. Inc.**<br>**t/a Lindsay Automotive Group,**<br>3410 King St.<br>Alexandria, VA 22302<br><br>        **Defendants.** | **COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Janak Maloney ("Maloney") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Lindsay Ford LLC ("Lindsay Ford") and Lindsay Cadillac Co. Inc. t/a Lindsay Automotive Group ("Lindsay Automotive Group") unlawfully discriminated against Maloney

by subjecting him to racial, sexual and national origin-based harassment and constructively discharging him.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, Defendants Lindsay Ford, a Maryland Limited Liability Company, and Lindsay Automotive Group, a Delaware Corporation, ("Defendants") have continuously been doing business in the State of Maryland, County of Montgomery and have operated, in conjunction with one another as an integrated enterprise/single "employer" within the meaning of Title VII.

5. At all relevant times, Defendants have maintained interrelated operations, common management and directors, centralized control of labor relations and personnel, and common ownership and financial control. The integrated aspects of Defendants' operations include, but are not limited to, the following:

      a.     Defendants market Lindsay Ford as a member of Lindsay Automotive Group.

      b.     Defendant Lindsay Automotive Group makes personnel and human resources decisions for Defendant Lindsay Ford.

      c.     Defendant Lindsay Automotive Group creates and maintains employment policies and employee handbooks for Defendant Lindsay Ford.

      d.     The employee handbook distributed to employees hired to work at Defendant Lindsay Ford begins "You are now an employee of Lindsay Automotive Group (herein after named LAG)."

      e.     Personnel from Lindsay Automotive Group investigate harassment complaints made by Defendant Lindsay Ford personnel.

      f.     Defendants share office space.

      g.     Defendants use a common letterhead on documents such as job descriptions, dress codes and other documents contained in personnel files.

      h.     Defendants use a common website.

6.     At all relevant times, Defendant Lindsay Ford has continuously been a Maryland Corporation with at least fifteen (15) employees doing business within Wheaton, Maryland and, provided sales and service for new and used automobiles.

7.     At all relevant times, Defendant Lindsay Automotive group has continuously been a Delaware Corporation with at least fifteen (15) employees doing business within Wheaton, Maryland, as an integrated enterprise with Lindsay Ford, and, provided sales and service for new and used automobiles.

8. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g), and (h).

9. At all relevant times, Defendant Lindsay Ford employed Maloney within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g) and (h).

10. At all relevant times, Defendant Lindsay Automotive Group employed Maloney within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b),(g) and (h).

## ADMINISTRATIVE PROCEDURES

11. More than 30 days prior to the institution of this lawsuit, Maloney filed a charge with the Commission alleging violations of Title VII by Defendant.

12. On June 6, 2019, the Commission issued Defendants a Letter of Determination finding reasonable cause to believe that they violated Title VII and inviting them to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

13. The Commission engaged in communications with Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

15. On June 27, 2019, the Commission issued to Defendants a Notice of Failure of Conciliation.

16. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17. Since at least July 2017, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(l) by subjecting Maloney to racial, sexual and national origin-based harassment and constructively discharging him.

    a.    In or around July 2017, Maloney began working for Defendants as a sales consultant.

    b.    Maloney is of South Asian national origin and dark-skinned.

    c.    Maloney's supervisor was General Manager Jerry Clark.

    c.    Almost immediately into his employment, Clark, on a daily basis, addressed Maloney and referred to him as "serial killer." Clark told him that he was a "creepy brown person" and that was why he called him "serial killer." Maloney responded that these remarks made him uncomfortable.

    d.    Clark also referred to Maloney as "retard" and "bitch" and threw papers and bottles at him, some of which hit him, and was done in the presence of others, including customers.

    e.    In the evening of September 1, 2017, Clark approached Maloney, again addressing him as "creepy brown person" and "serial killer" and asked him who he was going to kill tonight and where the bodies were buried. As he was making these remarks, he groped Maloney's right butt cheek.

    f.    Maloney reappeared for work the following day but had to leave early, as he remained traumatized from the groping incident.

g.      On September 5, 2017, Maloney complained in email about the above-described incidents and sent it to Defendants' Human Resources Director and the controller.

h.      On September 8, 2017, Defendants' Human Resources Director shared with Maloney what she claimed to be the results of her investigation: that perhaps there was too much joking in the workplace but that his allegations were unsubstantiated. She then offered Maloney, who had not been to work since the day after the groping incident, the opportunity to remain at the Ford dealership reporting to Clark, or he could apply to its Volkswagen dealership in Dulles, about an hour away (compared to his 20-minute commute to the Ford dealership).

i.      Based on Defendants' inadequate response to his complaints, Maloney felt compelled to resign on or about September 8, 2017 to avoid further harassment.

18.     The effect of the practices complained of above in Paragraph 17 has been to deprive Maloney of equal employment opportunities.

19.     The unlawful employment practices complained of above were intentional.

20.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Maloney.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment based on sex, national origin and race;

B.      Order Defendants to institute and carry out policies, practices, and programs which prevent harassment based on sex, national origin and race;

C.     Order Defendants to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendants will not tolerate harassment based on sex, national origin and race;

D.     Order Defendants to make Maloney whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

E.     Order Defendants to make Maloney whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 17 above;

F.     Order Defendants to make Maloney whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

G.     Order Defendants to pay Maloney punitive damages for its callous indifference to his federally protected right to be free from harassment based on sex, national origin and race;

I.     Grant such further relief as the Court deems necessary and proper in the public interest; and

J.     Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2733
Fax: (410) 962-4270