UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>LINDSAY FORD LLC, )<br>LINDSAY MANAGEMENT COMPANY, LLC )<br>)<br>Defendants. )<br>) | No. 8:19-CV-2636-TDC |

## CONSENT DECREE

The Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), brought this action against the Defendants, Lindsay Ford, LLC and Lindsay Management Company, LLC, alleging that Defendants violated Sections 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-2(a)(1) and (a)(2), by (1) subjecting the Charging Party, Janak Maloney, to a hostile work environment based on his national origin, race, and sex; and by (2) constructively discharging him.

The Parties desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII.

## DEFINITIONS

(1)     The following definitions shall apply to this Decree:

    (a) **"Applicable Period"** – Applicable Period shall mean the period beginning July 7, 2019, through the date on which the Court gives final approval to this Consent Decree.

    (b) **"Covered Locations"**—all current and future places of business of the Defendant, Lindsay Ford, LLC, during the effective period of this Consent Decree.

## JURSIDICTION

(2)     The Court has jurisdiction of the subject matter of this action and of the parties.

(3)     The Court has examined this Decree and finds that its terms are adequate, fair, reasonable, equitable, and just. The rights of EEOC, the Defendants, Janak Maloney, and the public interest are adequately protected by this Decree.

(4)     This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the parties, the claimants, and the public.

## NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## SCOPE OF DECREE

(5)     This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action, which emanated from the Charges of Discrimination filed by Janak Maloney. This Decree in no way affects the Commission's right to process any other pending or future charges that have been filed or may be filed against Defendants and to commence civil actions on any such charges as the Commission sees fit.

2

(6)     The terms of this Consent Decree shall be binding upon the Defendant, Lindsay Ford, LLC, its successors, its management, including but not limited to its general manager, its controller, its chief operating officer, its chief financial officer, and its human resources director, and its owners.  In the event that there is a transfer of ownership of the Defendant, Lindsay Ford, LLC, during the Term of the Decree, the Defendant, Lindsay Ford, LLC, shall provide prior written notice to any potential purchaser of Defendant Lindsay Ford, LLC's business, provided that as part of said transaction its employees will become employed by the purchaser, of the existence and contents of this Consent Decree.

(7)     This Decree will become effective on the date of approval by the Court (hereafter "the Effective Date") and will remain in effect until its expiration date, which will be two (2) years after the Effective Date.   Certain record preservation requirements shall extend beyond the expiration of this Decree for periods specifically stated in this Decree.

(8)     This Decree, being entered with the consent of the EEOC and the Defendants, shall not constitute an adjudication or finding on the merits of the case.

## MONETARY RELIEF AND CONSIDERATION

(9)     The Defendants shall pay the total amount of $105,000.00 for the purpose of resolving by settlement and compromise all claims that were made against the Defendants in this civil action, which is the sole monetary consideration for the settlement and includes any potential damages claimed by the EEOC for Janak Maloney.

(10)    By agreement of the Parties, the $70,000.00 payment of the $105,000.00 shall be allocated to all claimed and alleged economic damages, including any wage claims, any back pay claims, lost benefits claims and front pay damage claims, and the $35,000.00 payment of the

3

$105,000.00 shall be allocated to all claimed and alleged non-economic compensatory, including any claims of emotional distress and claims of pain and suffering. As soon as practicable, Janak Maloney shall provide the Defendants with a completed IRS form W-4 and W-9.

(11)     In accordance with paragraph 9 above, and within thirty (30) calendar days of the Effective Date, the Defendants shall issue two checks, the first check in the amount of $70,000.00, minus such mandatory payroll taxes and legal withholdings, as would be deducted in the normal course if Janak Maloney were receiving this sum as employee pay; and the second check in the amount of $35,000.00 without any deductions for mandatory payroll taxes and legal withholdings. By no later than January 31, 2023, the Defendants will provide by mail to Janak Maloney an IRS form W-2 accounting for that first check as wages and will provide by mail to Janak Maloney an IRS form 1099 accounting for the second check as non-economic damages. Because of the Chapter 7 bankruptcy case filed by Janak Maloney on August 17, 2019 before the United States Bankruptcy Court for the District of Maryland, the Defendants will pay Janak Maloney by delivering the two checks made payable to Laura J. Margulies, Attorney-at-Law, as the bankruptcy trustee for Bankruptcy Case No.: 19-21030. Laura J. Margulies, Attorney-at-Law shall then pay Janak Maloney after Ms. Margulies complies with the obligations of Janak Maloney, as determined by the United States Bankruptcy Court for the District of Maryland. Such payment to Ms. Margulies as the trustee for Bankruptcy Case No.: 19-21030, will constitute delivery of the monetary consideration to Janak Maloney and satisfy the Defendants' obligations regarding payment.

(12)     Within seven (7) calendar days of delivery of the aforesaid amounts and documents, Defendants shall notify the EEOC in writing and/or by email, indicating the date that the payment was made and providing copies of the aforesaid IRS documents.

4

(13)    Lindsay Ford, LLC's share of all applicable payroll taxes (e.g., FICA) shall be paid for by Defendant, Lindsay Ford, LLC.  Defendants shall not offset their obligations under FICA or any other applicable payroll tax laws or regulations for the first check in the amount of $70,000.00.

(14)    With respect to the second check in the amount of $35,000.00, Janak Maloney understands that he alone shall be responsible for paying any local, state or federal income taxes, social security contribution or withholding, Medicare contribution or withholding, or other obligations, should the IRS determine that portion of the total consideration to be taxable and understands that Lindsay Ford, LLC will make no contributions to any taxes, withholdings, or other obligations of Janak Maloney.

### INJUNCTIVE RELIEF

(15)    The Defendant, Lindsay Ford, LLC, and its management and their owners are enjoined from engaging in any employment practice in violation of Title VII that discriminates against employees on the basis of actual or perceived national origin, race, and sex.  The prohibited discrimination includes, but is not limited to, subjecting employees to disparate terms and conditions of employment and/or a hostile work environment, and actual and/or constructive discharge, based on their national origin, race, or sex.

(16)    The Defendant, Lindsay Ford, LLC, and its management and their owners are enjoined from engaging in any form of retaliation against any person because such person has testified or participated in any manner in Defendants' internal investigation or EEOC's investigation concerning Janak Maloney's allegations of discrimination; or against anyone who asserts any rights under this Decree, or benefits from the relief provided by this Decree.  Such

5

discrimination violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer –

> to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

> 42 U.S.C. § 2000e-3.

> (17)   The injunctions will survive the life of the Consent Decree.

> (18)   At no time during the effective period of this Consent Decree will the Defendants employ former General Manager Jerry Clark in any capacity or use him as a consultant or contractor in any capacity.

> (19)   **References.**  If a prospective employer or creditor of Janak Maloney inquires of the Defendants as to Maloney's employment, the Defendant, Lindsay Ford, LLC, shall provide to the inquirer the following and only the following: Maloney's dates of employment, the full-time position he occupied and his duties, his salary, and confirm that he received no discipline or warnings during his employment. This paragraph shall survive the effective term of this Decree.

> (20)   **No Restriction on Future Employment with Defendants.**  It shall not be a condition of any legal release that Janak Maloney executes in conjunction with this Consent Decree that he never seek employment with the Defendant, Lindsay Ford, LLC, or another Lindsay dealership, or that he agree he will never be employed by any of them.  This Consent Decree nullifies any term to the contrary in any release Janak Maloney has executed or will execute with the Defendants in conjunction with this Decree.

6

## REVISED HARASSMENT POLICY AND COMPLAINT PROCEDURES

(21)   Within thirty (30) calendar days of the Effective Date,

(a) The Defendant, Lindsay Ford, LLC, shall replace the Policy and Appendix on Harassment in its current Employee Handbook, and shall replace any Employee Acknowledgement of its current policy or policies, with the Harassment Policy set forth at Attachment A, which is attached to this Consent Decree and incorporated by reference.

(b) The Defendant, Lindsay Ford, LLC, shall physically provide all current employees and Defendants' owners, and going forward, all new employees at time of their onboarding, with their own printed paper copy of the Harassment Policy set forth as Attachment A.   This requirement will not be satisfied by referring employees and new employees to another document or file, or an employee handbook, or a copy of the policy on an Internet or intranet web site, or by having employees sign an acknowledgement stating they've been told where to find it.   This requirement will not be satisfied merely by giving employees and new employees an opportunity to read the Policy.   Rather, this requirement will only be satisfied when Defendants physically give all employees and new employees their own printed copies of the Policy to take home and keep.

(c) Upon request for any reason by an employee or any employee's legal representative for a copy of the Policy on Harassment, the Defendant, Lindsay Ford, LLC, shall promptly provide the employee with a printed or electronically transmitted copy of

7

the Policy (Attachment A), regardless of whether the Defendant, Lindsay Ford, LLC, previously gave the employee a copy of the Policy.

(22)    Within thirty (30) calendar days of the Effective Date, the Defendant, Lindsay Ford, LLC, shall post at prominent and accessible places at each of its places of business a copy of the revised Policy on Harassment set forth at Attachment A.  The summary will also indicate how employees can obtain a hardcopy of the complete Harassment Policies and Complaint Procedures.

### WORKPLACE DISCRIMINATION AND HARASSMENT INVESTIGATIONS

(23)    Human Resources personnel, by or under the direction of either of the controller for the Defendant, Lindsay Ford, LLC, or the Human Resources Director for Lindsay Management, LLC shall investigate all allegations of harassment in any manner brought to their attention consistent with the revised Harassment Policy (Attachment A) and this Decree, with the exception that if the alleged perpetrator is the general manager or controller of the Defendant, Lindsay Ford, LLC, an officer of the Defendant, Lindsay Management Company, LLC, or an owner; the Defendants may elect to have an outside firm conduct the investigation.

(24)    To the extent applicable, investigations shall be conducted by outside general counsel of the Defendant, Lindsay Ford, LLC.

(25)    The identities of witnesses interviewed shall be recorded, and, to the extent that witnesses supply statements, shall be reduced to writing by the Defendant, Lindsay Ford, LLC, and preserved for the duration of this Decree and for two years following its expiration, unless a charge has been made to authorities or private legal action taken by the victim, in which case this information will also be preserved until the termination of all legal proceedings, whichever is later.

8

(26)    All surveillance video tape that the Defendant, Lindsay Ford, LLC, believed to be relevant to an investigation shall be preserved during the duration of this Decree and for two years following its expiration, unless a charge has been made to authorities or private legal action taken by the victim, in which case such tapes will also be preserved until the end of all legal proceedings, whichever is later.  Relevant video shall be preserved whether or not it substantiates the allegations.

(27)    All employees complaining of harassment or cooperating with an investigation in good faith, including those employees conducting the investigation, shall be protected from intimidation or retaliation by any other employee or the Defendant, Lindsay Ford, LLC, no matter the outcome of the investigation or its findings.

(28)    All employees contacted during the course of an investigation shall be informed that under federal, state, and local law they are protected from retaliation for cooperating with the investigation.

(29)    If the person or witness complaining of the harassment names other employees as eyewitnesses to the harassment, or if the alleged perpetrator names other employees who are eyewitnesses to the fact that an alleged harassing event did not occur, HR or such other entity as is conducting investigation into the allegations shall interview those witnesses.  If a non-employee is named by an alleged victim or an alleged perpetrator as an eyewitness, the Defendant, Lindsay Ford, LLC, will exercise good faith and diligence to seek the cooperation of that non-employee eyewitness.

(30)    In all cases, the complaining person and target of the alleged harassing behavior, if different, shall be informed what actions have been taken to prevent the harassment from reoccurring.  If an investigation is being conducted, the complaining person shall be informed of

9

the fact. Once an investigation has concluded, the complaining person and target of the alleged harassing behavior, if different, shall be informed of the findings and such actions, if any, the Defendant, Lindsay Ford, LLC, is taking.

(31)    The employee in charge of the investigation shall make a written report including the reasons of the Defendant, Lindsay Ford, LLC, for taking any subsequent action or not taking action. The Defendant, Lindsay Ford, LLC, shall preserve the written report throughout the term of this Consent Decree plus two years, or until the end of all legal proceedings related to a complaint of harassment or discrimination, whichever is longer.

(32)    Victims of harassment or discrimination will not be prevented from renewing their complaints at a higher level of authority within the Defendants if they feel their complaints were not adequately addressed.  (For example, if an employee reports discrimination to a supervisor and feels adequate action is not being not taken or the harassment has not stopped, he or she may take the complaint or make a new complaint to HR or to higher management.)

(33)    If pursuant to this Consent Decree the Defendant, Lindsay Ford, LLC, elects to satisfy its obligations following a complaint of harassment or discrimination by having an outside consultant or firm investigate the allegations, the Defendant, Lindsay Ford, LLC, will be responsible for ensuring that the outside consultant or firm satisfies the same record-creating, recordkeeping, and reporting duties that the Defendant, Lindsay Ford, LLC, would have if the Defendant, Lindsay Ford, LLC, itself had investigated the allegations.  The quality of the investigation and its findings, as well as any subsequent action or non-action taken by the Defendant, Lindsay Ford, LLC, remains its sole responsibility.  With the exception of privilege because outside counsel conducts the investigation, no responsibility of the Defendant, Lindsay

10

Ford, LLC, under this Consent Decree shall be excused or altered by the fact that an investigation was conducted by an outside consultant or law firm.

## TRAINING

(34)     Within one (1) year of the date of entry of this Decree, the controller for Lindsay Ford, LLC, and Lindsay Management Company's HR Director shall attend and complete an EEOC Workshop on responding to or investigating internal harassment or other discrimination complaints (as opposed to responding to EEOC charges and lawsuits). Scheduling and cost of this training, if any, will be the Defendants' responsibility. Records of attendance and all training materials received during this training shall be preserved for the duration of this Decree plus two years.

(35)     Within one (1) year from the Effective Date, and every year thereafter for the duration of this Decree, the Defendant, Lindsay Ford, LLC, shall provide to all employees at the level of sales manager and all human resources employees live or virtual training by Gary S. Marx, Esquire of Marx and Lieberman, PLLC, or other outside general counsel, and will provide the online training module through KPA for all employees each January for the duration of this Decree, on the revised Policy on Harassment, harassment prevention and/or compliance training (explaining, e.g., unacceptable but not illegal conduct, providing examples tailored to the workplace of the Defendant, Lindsay Ford, LLC, teaching supervisors and managers how to respond to unacceptable conduct) and the obligations of the Defendant, Lindsay Ford, LLC, under state and federal anti-discrimination laws, with a particular emphasis on national origin employment discrimination, including harassment, retaliation, and retaliatory harassment. The Defendant, Lindsay Ford, LLC, shall provide such training to all future employees who are hired

11

or promoted into the same or similar positions within six months from the date of their hire or promotion. During the duration of this Decree, the Defendant, Lindsay Ford, LLC, will create a complete attendance roster of all employees who have received any training required by this section and will maintain this attendance roster for the duration of this Decree plus two years.

## NOTICE POSTING

(36)     Within ten (10) calendar days after the Effective Date, Defendants shall post the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

(37)     Within ten (10) calendar days after the Effective Date, Defendants shall fill in and sign the Notices set forth as Attachment B and Attachment C to this Consent Decree, which are attached to this Consent Decree and incorporated by reference. The Defendant, Lindsay Ford, LLC, shall post Attachment B in all places where notices to employees customarily are posted. The Defendant, Lindsay Management, LLC, shall post Attachment C in the office of Elaina Grant, the Human Resources Director for the Defendant, Lindsay Management, LLC. The Notices (Attachments B and C) shall be posted and maintained for the duration of the Consent Decree and shall be signed by the Lindsay Management LLC's Chief Operating Officer, John Smallwood, with the date of actual posting shown thereon. Should the Notices become defaced, marred, or otherwise made unreadable, Defendants will ensure that new readable copies of the Notices are posted in the same manner as heretofore specified. Within thirty (30) calendar days of the Effective Date, Defendants shall forward to the EEOC's Baltimore District Office, a copy of the signed Notices and written certification that the Notices referenced herein haves been posted and a statement of the locations and dates of posting.

12

## RECORDKEEPING

(38)     During the duration of this Decree and for two years following its expiration, the Defendants shall retain all records of completion of the training required by this Decree, and a copy of all training materials distributed or used by Defendants during that training.

(39)     During the duration of this Decree, the Defendant, Lindsay Ford, LLC, shall record the names, contact information, date of separation, and reason for separation of all employees separated for any reason. (e.g., whether involuntarily terminated or resigned). During the duration of this Decree and for two years following its expiration, the Defendant, Lindsay Ford, LLC, shall maintain this data in an easily retrievable form (e.g., HRIS or other database) so that all terminees' names, contact information, dates of separation, and reasons for separation may be extracted into an Excel spreadsheet if demanded.

(40)     During the duration of this Decree and for two years following its expiration, Defendant, Lindsay Ford, LLC, shall preserve all written complaints of harassment, discrimination, or retaliation; and all required records of investigation set forth above and all records of final action such as warning, discipline, fine, or termination.

(41)     No recordkeeping requirement in this Decree shall supersede any record creation or record preservation requirement imposed by law, but will be in addition to those requirements.

## REPORTING AND MONITORING

(42)     **Preliminary Reporting.**  Within one-hundred eighty days (180) days of the Effective Date, Defendants shall provide the EEOC, via email and mail to David J. Staudt, Esquire, or to other EEOC designated person with the following:

(i) Verification that the posters and Notice have been posted; and

13

(ii) Verification that the revised Policy on Harassment has been enacted and distributed according to the terms of this Decree.

(43)    For the duration of this Decree, on an annual basis, the Defendant, Lindsay Ford, LLC, shall provide the EEOC, via email and mail to David J. Staudt, Esquire, or to other EEOC designated person with the following:

(i) Verification of employee attendance, by name and job title, for all training completed; and

(ii) Verification of all employees, by name and job title, who attained passing scores.

(44)    **Periodic Reporting.** For the duration of this Decree, on an annual basis, beginning one year from the Effective Date, the Defendant, Lindsay Ford, LLC, shall prepare a report which will identify all current or former employees who complained (internally or externally) of or who reported any discrimination in employment on the basis of national origin, race, sex, or retaliation during the preceding year.  This report will include, at minimum, each employee's name; home address; home telephone number; date the complaint was made; nature of the individual's complaint; to whom the complaint was made or with whom filed (e.g., Defendants' union(s), the EEOC, or any Fair Employment Practice Agency tasked with accepting discrimination charges); and whether any investigation and/or action taken in response to said complaints.  If no individuals complain of or report discrimination in employment on the basis of national origin, race, sex, or retaliation during that quarter, the Defendant, Lindsay Ford, LLC, shall inform the EEOC of the same. With each report, the Defendant, Lindsay Ford, LLC, shall submit this data in electronic form where available, and otherwise in hard copy form to the EEOC via mail and email to David J. Staudt, Esquire, or other designated EEOC person.  The annual reports contemplated in this

14

paragraph shall be submitted no later than thirty (30) calendar days after the close of each reporting period.

(45)     The EEOC may monitor compliance during the duration of this Decree by attending the trainings described above, with prior reasonable notice, or inspecting any covered workplace for records and interviews with employees who have reported harassment, retaliation or discrimination at reasonable times with prior notice.  Reasonable notice shall be thirty days or more.  Upon request by the EEOC, the Defendants will make available for inspection and copying any non-privileged records requested by the EEOC, so long as the non-privileged records that are sought are narrowly-tailored, necessary and consistent with the monitoring of this Decree.  The Defendants shall comply with a request for additional records within thirty (30) calendar days of the request.

## DISPUTE RESOLUTION

(46)     In the event the Commission believes the Defendants have failed to comply with any provision of this Decree, the Commission shall:

(a) Notify the Defendants in writing of the alleged non-compliance by email and regular U.S. mail directed to Elaina Grant, human resources director for Lindsay Management, LLC or the current human resources director.  The Defendants shall within thirty (30) calendar days of service of the written notice respond to the allegations of non-compliance by email and regular U.S. mail addressed to Trial Attorney David J. Staudt, Esquire, or other EEOC designated person, in accordance with the paragraph below; and

15

(b) Afford the Defendants at least thirty (30) calendar days after service of the written

notice to remedy the alleged non-compliance.

(c) If the Defendants fail to cure the non-compliance, the Commission may initiate an

action to enforce the provision in the Decree.

(47)    All materials required by this Decree to be sent to the EEOC shall be emailed and/or

mailed and addressed to:

Equal Employment Opportunity Commission
Baltimore Field Office
Attention:  David Staudt, Senior Trial Attorney
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Email: David.Staudt@eeoc.gov

(a) The Commission and Defendants shall bear their own costs and attorneys' fees.

(48)    The undersigned counsel of record in the above-captioned action hereby consent,

on behalf of their respective clients and with their clients' authority, to the entry of the foregoing

Consent Decree.

FOR PLAINTIFF:

*Debra M. Lawrence*

Debra M. Lawrence
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6693
Debra.Lawrence@EEOC.gov

FOR DEFENDANT:

Deborah Murrell Whelihan, Esq. (Bar ID 05149)
VORYS, SATER, SEYMOUR AND PEASE
LLP
1909 K Street NW, 9th Floor
Washington, D.C. 20006
Phone: 202-467-8823
Fax: 202-533-9043
dmwhelihan@vorys.com

Counsel for Defendants Lindsay Ford, LLC and
Lindsay Management, LLC

16

/s/
_____
David J. Staudt (Bar ID 94299)
Trial Attorneys
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6693
david.staudt@eeoc.gov

Counsel for Plaintiff Equal Employment
Opportunity Commission

**SO ORDERED.**

Signed and entered this 20 day of ___May___, 2022

Theodore D. Chuang,
United States District Judge

17